Evan L. Moscov, Bar No. 6278081
Moscov Law
469 W. Huron Street, Suite 1701
Chicago, IL 60654
Phone: 312-255-7996
Fax: 847-662-5555
Email: evan.moscov@moscovlaw.com
Attorney for Plaintiff

### UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br><br>Juan C. Galarza and Maria Galarza,<br><br>　　　Debtors.<br><br>FIA Card Services, N.A.,<br><br>　　　Plaintiff,<br><br>v.<br><br>Juan C. Galarza,<br><br>　　　Defendant. | Chapter 7<br><br>Bankruptcy Case No. 12-14964<br><br>Adversary No. 12-01163 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

NOW COMES the Plaintiff, FIA CARD SERVICES, N.A., by and through its counsel of record, Evan Lincoln Moscov, and in support of its Findings of Fact and Conclusions of Law, states as follows:

1. On April 12, 2012, Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. FIA Card Services, N.A. is the holder of an unsecured claim against the above captioned Defendant arising from card account number xxxx-xxxxxx-x9060 ('the Account").

3. The balance of the Account as of the date of the filing of the Chapter 7 petition was $7,532.15.

4. On July 25, 2012, FIA Card Services, N.A. timely filed a Complaint to Determine Dischargeability of Debt (the "Complaint") pursuant to 11 U.S.C. Section 523(a)(2)(A).

5. The Court has reviewed the record before it, including Defendant's Petition, Schedules and Statement of Financial Affairs, the Complaint and its Exhibits, as well as the testimony contained in Plaintiff's Affidavit in support of its case.

6. Between December 15, 2011 and February 15, 2012, Defendant used his FIA CARD SERVICES, N.A. card in eighty-eight (88) transactions totaling $7,521.00 on the Account for various retail charges.

7. The above-mentioned charges include, but are not limited to, two (2) charges totaling $1,608.11 incurred at ABC Supply; one (1) charge totaling $1,600 incurred at Bird Ladder Sales Co.; nine (9) charges totaling $1,224.2 incurred at Menards in Cicero, IL; twelve (12) charges totaling $490.12 incurred at Home Depot in Chicago, IL; one (1) charge totaling $211.44 incurred at the Apple Online Store; one (1) charge totaling $235.94 incurred at Sears Roebuck; three (3) charges totaling $225.51 incurred at PepBoys; three (3) charges totaling $212.81 incurred at O&W Auto Parts, Inc.; one (1) charge totaling $194.40 incurred at Wirtz Rentals Co.; two (2) charges totaling $156.26 incurred at Burlington; and ten (10) charges totaling $141.78 incurred at Autozone.

8. The terms and conditions of the account agreement between Defendant and Plaintiff call for a minimum payment of the charges due on the Account.

9. During the time period at issue, Defendant submitted one payment of $20 and a second payment of $66 on the date he retained a bankruptcy attorney. The payments posted on January 12, 2012 and February 21, 2012, respectively.

10. The Court takes judicial notice of the facts contained in the Petition filed by Defendant and his spouse, the Schedules and Statement of Financial Affairs, all of which were signed under penalty of perjury by Defendant and his spouse.

11. According to the bankruptcy petition and schedules of Defendant and his spouse, their current net monthly income totals $1,810, while their fixed monthly expenses, not including

payments to service his unsecured nonpriority debt total $3,015. Defendant's unsecured nonpriority debt totals $51,824; of this amount $26,227 appears to be credit/charge card debt.

12. Defendant and his spouse did not have any equity in their residence.

13. Defendant and his spouse retained a bankruptcy attorney on February 21, 2012.

14. The Statement of Financial Affairs, Item # 1, lists "income from employment" in the amount of $26,234 for 2011 and $2,000 for 2012. The Statement of Financial Affairs, Item #2, lists "income other than from employment" in the amount of $15,618 in 2011 and none in 2012.

15. Neither Defendant nor his spouse had any additional anticipated income Defendant could have used to pay the amounts due to Plaintiff.

16. Defendant was self-employed at all times material.

17. The balance on the Account at the time of the bankruptcy filing exceeded the credit limit.

## CONCLUSIONS OF LAW

17. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 157(a) and § 1334(b) and 11 U.S.C. § 523. It is a core proceeding.

18. The Court finds that FIA Card Services, N.A. effectuated proper service of its Complaint upon the Defendant.

19. The Defendant has failed to file a timely Answer or other responsive pleading pursuant to Rule 12 of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure, has not requested an extension of time to do so, and has not presented a defense or otherwise appeared in this matter.

20. Based upon the factual record and evidence before this Court, FIA Card Services, N.A. has demonstrated a prima facie case under 11 U.S.C. § 523(a)(2)(A) and is entitled to a nondischargeable judgment.

21. Default judgments in bankruptcy proceedings are governed by Rule 55(b) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Rule 7055 of the Federal Rules of Bankruptcy Procedure.

22. Under Rule 55(b), the court has discretion to "conduct such hearings ... as it deems necessary and proper" to determine whether a default judgment should be entered.

23. Rule 8(d) of the Federal Rules of Civil Procedure, incorporated by Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, provides that "[a]verments to which a responsive pleading is required ... is deemed admitted when not denied in the responsive pleading." See In re Goycochea, 192 B.R. 847 (Bankr.D.Md.1996) (court held that when a Chapter 7 debtor failed to answer a nondischargeability complaint, all of the facts in Creditor's Complaint had to be accepted as true for the purpose of deciding whether creditor was entitled to entry of judgment by default).

24. However, as another court has noted "Although, well-plead facts in the complaint are generally taken as true, the defendant does not by default admit conclusions of law." In re Paul, 266 B.R. 686, 693 (Bankr.N.D.Ill.2001).

25. Thus, the court will enter default judgment where the evidence establishes a prima facie claim that the debt in question is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).

26. 11 U.S.C. Section 523(a)(2)(A) provides as follows:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor ... from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

27. In order to except a debt from discharge under § 523(a)(2)(A), a creditor must establish the following elements: (1) the debtor obtained the money or credit through representations that he either knew to be false, or made with suck reckless disregard for the truth as to constitute willful misrepresentations; (2) the debtor possessed an actual intent to deceive; and (3) the creditor justifiably relied on the misrepresentations to its detriment. Mayer v. Spanel Int'l Ltd., 51 F.3d 670, 673 (7th Cir.), cert. denied, 516 U.S. 1008, 116 S.Ct. 563, 133 L.Ed.2d 488 (1995).

28. A creditor need only prove its case by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

29. Most courts have held that card usage carries with it an implied representation to the creditor that the debtor has only the intent, and not the ability, to repay. *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr.N.D.Ill.1998). However, lack of ability to repay is one factor a court may consider in determining a debtor's intent. *Id.*

30. The determination of whether the debtor had the requisite intent to defraud is a factual issue to be determined upon review of all relevant circumstances surrounding a particular case. *In re Paul*, 266 B.R. at 694; *In re Berz*, 173 B.R. 159 (Bankr.N.D.Ill.1994).

31. Courts must look at the totality of circumstances to determine whether the debtor's conduct was calculated to deceive or cheat the creditor. *Mercantile Bank v. Canovas*, 237 B.R. at 428.

32. A review of the commonly cited list of factors is helpful in determining whether a debtor had the intent to deceive when he made the charges. These factors include:

1. the length of time between making the charges and the filing for bankruptcy;

2. whether an attorney had been consulted concerning filing for bankruptcy before the charges were made;

3. the number of charges made;

4. the amount of the charges;

5. the financial condition of the debtor at the time the charges were made;

6. whether the charges were above the credit limit of the account;

7. whether the debtor make multiple charges in the same day;

8. whether the debtor was employed;

9. the debtor's prospects for employment;

10. the financial sophistication of the debtor;

11 whether there was a sudden change in the debtor's buying habits; and

12. whether the purchases were for luxuries or necessities.

*In re Dougherty,* 84 B.R. 653, 656 (9th Cir.BAP1988); *In re Nguyen,* 235 B.R. 76 (Bankr.N.D.Cal.1999); *In re Tsakhniv,* 2009 Bankr.LEXIS 3668 (Bankr.N.D.Ill.2009).

DATED: November 21, 2012

By: _____
Moscov Law
Evan L. Moscov, Bar No. 6278081
Moscov Law
469 W. Huron Street, Suite 1701
Chicago, IL 60654
Phone: 312-255-7996
Email: evan.moscov@moscovlaw.com
Attorney for Plaintiff

Enter:

Judge

NOV 29 2012